UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JENNIFER MARINA CONTRERAS MONROY,

Petitioner,

v.

MARKWAYNE MULLIN et al.,

Respondents.[1]

CASE NO. 2:26-cv-02427-JHC

ORDER

This matter comes before the Court on Jennifer Marina Contreras Monroy's Petition for Writ of Habeas Corpus. *See* Dkt. # 1. Petitioner argues that she is entitled to habeas relief because she is currently detained at the Northwest ICE Processing Center in Tacoma (NWIPC) under 8 U.S.C. § 1225(b). *See id.* ¶¶ 10–11. She says that while riding in her brother's car to work, ICE arrested her without a warrant or probable cause during an unlawful traffic stop. *See id.* ¶ 37. Petitioner contends that her arrest without a warrant or probable cause, as well as her continued detention, violate the Immigration and Nationality Act, the Administrative Procedure Act, the Due Process Clause of the Fifth Amendment, and the Fourth Amendment guarantee

[1] The full list of Respondents is: Markwayne Mullin, Secretary, U.S. Department of Homeland Security; Department of Homeland Security; David Venturella, Acting Director of Immigration and Customs Enforcement (ICE); Drew Bostock, Field Office Director of Enforcement and Removal Operations, Seattle Field Office, ICE; Bruce Scott, Warden of NWIPC.

against unreasonable searches and seizures. *See id.* ¶¶ 64–154. Petitioner requests a bond hearing and immediate release. *See id.* at 38–39 (prayer for relief).

As a member of the class in *Rodriguez Vasquez v. Bostock*, Petitioner is entitled to a bond redetermination hearing. *See Rodriguez v. Bostock*, 802 F. Supp. 3d 1297, 1324 (W.D. Wash. 2025), *aff'd sub nom. Rodriguez Vazquez v. Bostock*, __ F.4th __, 2026 WL 2196424 (9th Cir. July 30, 2026). Petitioner, given her circumstances, is subject to the discretionary detention regime of § 1226(a). *See Rodriguez Vazquez*, __ F.4th __, 2026 WL 2196424, at *10 (§ 1226(a) applies to unadmitted and deportable noncitizens present in the interior of the United States). The record does not indicate that she ever received a bond hearing. And while Petitioner argues that her warrantless arrest entitles her to immediate release, the remedy for an unlawful arrest under the Fourth Amendment in the immigration habeas context "is suppression of evidence, not release from custody." *Reyes v. Hermosilla*, 2026 WL 528692, at *2 (W.D. Wash. Jan. 15, 2026) (citations omitted), *report and recommendation adopted*, 2026 WL 525103 (W.D. Wash. Feb. 25, 2026); *see also Perez Cruz v. Barr*, 926 F.3d 1128, 1145–46 (9th Cir. 2019) (suppressing evidence obtained by unlawful detention, resulting in release). While Petitioner cites cases from outside of this Circuit where courts have granted release for noncitizens detained following an unlawful arrest, this approach has not been adopted in this Circuit. Nor does Petitioner contend that any evidence obtained from her detention would, when suppressed, result in her release.

Accordingly, the Court GRANTS the habeas petition (Dkt. # 1) and ORDERS:

1. Respondents must provide Petitioner with a bond hearing within 14 calendar days of this order. This bond hearing shall comply with the procedural requirements of *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011)—there must be a contemporaneous record

of the hearing, and the government bears the burden of proving by clear and convincing evidence that petitioner is a flight risk or danger to the community[2];

2. Alternatively, or if the bond hearing does not occur within 14 calendar days of the order, Respondents shall immediately release Petitioner under appropriate conditions of release.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 17th day of August, 2026.

John H. Chun
United States District Judge

[2] Should Petitioner's resulting bond redetermination hearing not comply with the law in some way, she may file a new habeas petition. *See, e.g.*, *De La Torre Ferretiz, v. Hernandez*, 2026 WL 2123037, at *4–5 (W.D. Wash. July 23, 2026) (granting habeas petition and ordering release because bond redetermination hearing did not comply with procedural standards).